UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOE CHUCK PITTMAN,<br><br>    Plaintiff,<br><br>            v.<br><br>CONEJO, et al.,<br><br>    Defendants. | CAUSE NO.: 2:24-CV-215-TLS-APR |

## OPINION AND ORDER

Joe Chuck Pittman, a prisoner without a lawyer, filed a complaint. ECF No. 1. Under 28 U.S.C. § 1915A, the Court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Pittman alleges he was subjected to excessive force by an officer following an altercation with another inmate while incarcerated at the Lake County Jail in the spring of 2023.[1] Despite a "keep separate" order issued by the state court, Pittman was placed in a holding cell on March 23 or 24 with his co-defendant, Inmate Juarez Rogers, while awaiting transfer to the Indiana

---

[1] He is currently located at the Pendleton Correctional Facility. *See* ECF No. 1 at 1.

Department of Correction.[2] ECF No. 1 at 3. Inmate Rogers immediately approached Pittman "with the intentions to intimidate [him] while verbally threatening [him] with physical harm." *Id*. An "altercation" that lasted between one to five minutes ensued. *Id*. Officers intervened, and Pittman was tasered and "ordered to stop." *Id*. Pittman alleges he "immediately complied" by getting down on his knees and placing his hands on his head. As he was being handcuffed, Officer #821 Conejo "approached the situation aggressively & slammed Joe Chuck Pittman['s] head to the concrete floor for no reason and unprovoked." *Id*. Pittman's eyebrow was split open and began bleeding. When Pittman asked Officer Conejo why he did that, he said "he didn't mean too (sic)." *Id*. at 4. Pittman has sued Officer Conejo, the Warden, the Sheriff, the Commissioner, the "Superintended" (sic), and twenty-five "John Doe's/Jane Doe's" for monetary damages. *Id*. at 1, 5.

As an initial matter, Pittman does not mention the Warden, Sheriff, Commissioner, or Superintendent anywhere in the body of the complaint. He simply states, in a generalized fashion, "All the defendants violated a court order to keep separate from my other co-defendants" and "endangered my person." ECF No. 1 at 2. These vague allegations fail, as supervisor liability is insufficient to state a claim. *See, e.g.*, *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) (explaining that liability under 42 U.S.C. § 1983 is based on personal responsibility and that prison officials cannot be held liable for damages solely because they hold supervisory positions); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (same). This is a high standard, designed to ensure that "supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly."

---

[2] Following a jury trial, Pittman was convicted of murder, armed robbery, attempted armed robbery, burglary, and attempted burglary, and he was sentenced to a total of ninety-four years imprisonment. *See State of Ind. v. Pittman*, Cause No. 45G02-1903-MR-000009 (Lake Sup. Ct. filed Mar. 12, 2019), available online at: https://public.courts.in.gov/mycase (last visited Apr. 29, 2025).

*Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Additionally, he cannot proceed against the array of twenty-five John Doe/Jane Doe defendants because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted); *see also Burks*, 555 F.3d at 596 ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). Accordingly, the claims against the Warden, Sheriff, Commissioner, Superintendent, and John Does/Jane Does will be dismissed.

This leaves Officer Conejo. The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019).[3] The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (cleaned up). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Jails are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). It is important that prisoners follow orders given by guards. *Id*. at 476–77 (quoting *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)). To compel compliance—especially in situations where officers or other inmates are faced with threats, disruption, or

---

[3] Pittman states the incident occurred "[a]fter I was convicted being shipped to IDOC/RDC." ECF No. 1 at 5.

aggression—the use of summary physical force is often warranted. *Id*. at 477 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)). That is not to say, however, that such justification exists "every time an inmate is slow to comply with an order." *Id.* Several factors are explored when determining whether an officer's use of force was malicious or legitimate, including the need for applying the force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the prisoner's injury. *Hendrickson*, 589 F.3d at 890.

Here, Pittman alleges Officer Conejo slammed Pittman's head onto the concrete floor while Pittman was in the process of being handcuffed and complying with the order to cease the physical altercation. Although further investigation may reveal the force used was legitimate under the circumstances, at this preliminary stage—and giving Pittman the benefit of the inference to which he is entitled—he has stated a plausible Eighth Amendment excessive force claim against Officer Conejo.

For these reasons, the Court:

(1) GRANTS Joe Chuck Pittman leave to proceed against Officer #821 Conejo in his individual capacity for compensatory and punitive damages for subjecting him to excessive force in violation of the Eighth Amendment on March 23 or 24, 2023, in a holding cell at the Lake County Jail;

(2) DISMISSES all other claims;

(3) DISMISSES the Warden, the Sheriff, the Commissioner, the Superintended (sic) and John Does/Jane Does 1 to 25;

(4) DIRECTS the Clerk of Court, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

4

locate and serve process on) Officer #821 Conejo at the Lake County Jail, with a copy of this order and the complaint [ECF No. 1];

(5) ORDERS the Sheriff of the Lake County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if he has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer #821 Conejo to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 6, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT